**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**THE CLEVELAND MARBLE MOSAIC COMPANY,**

                       **Plaintiff,**

  vs.

                                                             1:20-CV-01636
                                                             (MAD/DJS)

**BETTE & CRING, L.L.C., CENTRAL**
**VALLEY CENTRAL SCHOOL DISTRICT,**
**and TRAVELERS CASUALTY AND**
**SURETY COMPANY OF AMERICA**

                       **Defendants.**

---

**APPEARANCES:**                                  **OF COUNSEL:**

**OSBORN, REED & BURKE LLP**                      **JEFFREY P. DIPALMA, ESQ.**
45 Exchange Boulevard, 4th Floor
Rochester, New York 14614
Attorneys for Plaintiffs

**HAHN LOESER & PARKS LLP**                       **JEFFREY A. BRAUER, ESQ.**
200 Public Square, Suite 2800                     **MATTHEW K. GRASHOFF, ESQ.**
Cleveland, Ohio 44114
Attorneys for Plaintiffs

**SHEATS & BAILEY, PLLC**                         **ANTHONY C. GALLI, ESQ.**
609 Vine Street                                   **EDWARD J. SHEATS, ESQ.**
P.O. Box 586
Liverpool, New York 13088
Attorneys for Defendants Bette &
Cring, L.L.C. and Travelers Casualty
and Surety Company of America

**Mae A. D'Agostino, U.S. District Judge:**

1

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

Plaintiff, The Cleveland Marble Mosaic Company, commenced this action on December 31, 2020, alleging breach of contract, unjust enrichment, and fraudulent inducement against Defendant Bette & Cring, L.L.C.; unjust enrichment and foreclosure of a loan against Defendant Central Valley Central School District (hereinafter "Central Valley"); and claim on a payment bond against Defendant Travelers Casualty and Surety Company of America (hereinafter "Travelers"). Dkt. No. 1. On March 18, 2021, Defendants Bette & Cring and Travelers filed a motion to dismiss claiming that New York's Business Corporation Law precludes Plaintiff from bringing suit because Plaintiff is a foreign corporation doing business in New York state without authority. Dkt. No. 27-1. Based on the following, Defendants' motion to dismiss is denied.

**II. BACKGROUND**

Defendant Central Valley contracted with Defendant Bette & Cring to perform construction work on the Central Valley Central School District Phase 2 – Additions and Renovations project (hereinafter the "Central Valley Project"). Dkt. No. 1 at ¶ 18. On June 21, 2017, Defendant Travelers issued a Labor and Materials Payment Bond with Defendant Bette & Cring as the principal and Central Valley as the obligee. *Id*. at ¶ 19. Defendant Bette & Cring subcontracted with Plaintiff on October 4, 2017. *Id*. at ¶ 21. The original value of the subcontract was $479,025. *Id*. at ¶ 23.

On November 15, 2018, Plaintiff claims that it and Defendant Bette & Cring modified the subcontract via a change order and increased the value of the subcontract to $535,535.00. *Id*. at ¶

24. Based on the modified subcontract, Plaintiff performed the detailed work and submitted a bill to Defendant Bette & Cring. *Id*. at ¶ 28. However, Defendant Bette & Cring did not pay Plaintiff. *Id*. Plaintiff claims that it is still owed $174,699.34 pursuant to the subcontract and change order as well as additional costs incurred during performance. *Id*. at ¶¶ 29-31. In total, Plaintiff claims damages of $340,734.76 plus applicable interest. *Id*. at ¶ 32.

Plaintiff filed a Notice of Lien for Public Improvement upon the moneys of Defendant Central Valley applicable to the construction of the Central Valley Project on March 5, 2020, for $340,734.76. *Id*. at ¶ 34. Defendant Central Valley has not paid the lien. *Id*. at ¶ 35. Plaintiff then submitted a claim to Defendant Travelers on April 24, 2020, for payment pursuant to the terms of the Bond for $340,734.76, however, Defendant Travelers did not pay Plaintiff. *Id*. at ¶¶ 37-39.

### III. DISCUSSION

**A.     Standard of Review**

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the

pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting [*Twombly*, 550 U.S.] at 557, 127 S. Ct. 1955). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed[,]" *id.* at 570.

**B.     N.Y. Business Corporation Law**

On March 18, 2021, Defendants filed a pre-answer motion to dismiss.  Dkt. No. 27. Defendants assert that New York's Business Corporation Law ("BCL") § 1312 prohibits Plaintiff from bringing suit in New York because Plaintiff is a foreign corporation doing business in New

York state without authority to do so.  Dkt. No. 27-1.  Plaintiff filed a response to Defendants' motion on April 8, 2021.  Dkt. No. 29 at 29.  Plaintiff asserts that its activities in New York "were [not] 'so systematic and regular as to manifest continuity of activity in the jurisdiction.'"  *Id*. at 5 (quoting *SD Protection, Inc. v. Del Rio*, 498 F. Supp. 2d 576, 581 (E.D.N.Y. 2007)).

> Section 1312 of the New York Business Corporation Law provides as follows:
>
>> A foreign corporation doing business in this state without authority shall not maintain any action or special proceeding in this state unless and until such corporation has been authorized to do business in this state and it has paid to the state all fees and taxes imposed under the tax law or any related statute.

N.Y. Bus. Corp. Law § 1312(a).  "This statute was passed 'to ensure that those foreign companies that engaged in systematic intrastate transactions in New York undertook to conform to registration and taxation requirements before taking advantage of the state's courts as a forum for its grievances ...'"  *Mindy Weiss Party Consultants, Inc. v. Carl*, 285 F. Supp. 3d 560, 564 (E.D.N.Y. 2018) (quoting *National Lighting Co. v. Bridge Metal Indus., LLC*, 601 F. Supp. 2d 556, 566 (S.D.N.Y. 2009) (additional citation omitted)).  "Known as a 'door-closing statute,' this provision bars unauthorized foreign corporations from pursuing suits in New York's state courts as well as diversity actions in the federal courts of New York."  *Id.* (citing *Netherlands Shipmortgage Corp. v. Madias*, 717 F.2d 731, 735 (2d Cir. 1983)).

"[N]ot all business activity engaged in by a foreign corporation constitutes doing business in New York."  *Madias*, 717 F.2d at 735-36.  "A foreign corporation is permitted to transact 'some kinds of business within the state without procuring a certificate' authorizing it to conduct business in New York."  *Mindy Weiss*, 285 F. Supp. 3d at 564 (quoting *Int'l Fuel & Iron v.*

5

*Donner Steel*, 242 N.Y. 224, 229, 151 N.E. 214 (1926)) (other citation omitted).  "In order for a foreign corporation to be doing business in New York within the context of Section 1312, 'the intrastate activity of the foreign corporation [must] be permanent, continuous, and regular.'"  *Id.* (quoting *Madias*, 717 F.2d at 736) (other citation omitted).

In determining whether a foreign corporation is doing business in New York, the Court must engage in a fact-specific analysis.  *See id.* (citing *Von Arx v. Breitenstein*, 52 A.D.2d 1049, 384 N.Y.S.2d 895, 897 (4th Dep't 1976)) (other citation omitted).  "While several factors may be considered by the Court in connection with this inquiry, 'a temporary or an insubstantial business presence will not warrant an inference that a foreign corporation is doing business in New York.'"  *Id.* (quoting *Madias*, 717 F.2d at 738) (other citation omitted).  "'[I]n the absence of evidence of ongoing intrastate business activity, the inference that a foreign corporation is doing business in New York must be based on evidence of substantial and permanent or continuous business activity in the state, *i.e.*, evidence that the corporation has localized some portion of its business activity in New York.'"  *Id.* (quoting *Madias*, 717 F.2d at 739).

For purposes of Section 1312, "'a corporation is presumed to be doing business where it is incorporated.'"  *Id.* (quoting *New Asia Enterprises Ltd. v. Fabrique, Ltd.*, No. 13 Civ. 5271, 2014 WL 3950901, at *6 (S.D.N.Y. Aug. 13, 2014)).  "'Non-compliance with the statute is an affirmative defense,' ... and the party seeking to invoke it 'bears the burden of proving that the corporation's business activities in New York were so systematic and regular as to manifest continuity of activity in the jurisdiction.'"  *Mindy Weiss*, 285 F. Supp. 3d at 564-65 (quoting *S & T Bank v. Spectrum Cabinet Sales, Inc.*, 247 A.D.2d 373, 668 N.Y.S.2d 641 (2d Dep't 1998)).  "The

relevant timing to be considered is 'whether [Plaintiff] was doing business in New York at the time the action was commenced.'" *Id.* (quotations omitted).

Primarily, Defendants allege that Plaintiff was doing business in New York as it was a subcontractor to Defendant Bette & Cring for the Central Valley Project in Ilion, New York. Dkt. No. 27-1 at 3. Specifically, Defendants allege that "Plaintiff provided laborers and supervisors to the project site; maintained an office and storage trailer on site; and attended weekly coordination meetings on site." *Id*. Defendant further asserts that Plaintiff "regularly had two senior project superintendents serving in an executive and administrative role travel back and forth from Ohio to New York throughout the course of the project." *Id*. at 7.

Plaintiff asserts that its dealings in New York are only temporary and irregular because it does not maintain a permanent office in New York, does not advertise in New York, the materials used for the job sites are constructed in Cleveland, Ohio and then shipped to New York, and Plaintiff only bids on projects in New York if it is invited to. Dkt. No. 29 at 1-2, 7, 9.

Plaintiff's activities in New York do not rise to the high standard of doing business within New York as defined by the Section 1312. First, the Second Circuit has made clear that even repeated business activities while physically present in New York are insufficient to establish that a party was doing business within New York. *See Netherlands Shipmortgage*, 717 F.2d at 736-39. Further, courts have explained that the standard applied to determine whether a corporation is "doing business" in New York is quite high.

> [C]ourts in this District have opined that maintaining bank accounts in New York, maintaining office space in New York, employing individuals in a New York office who are engaged in running the corporation's interstate business, maintaining a phone number in

7

> New York, and listing the corporation's name on the door of a New York office are insufficient to meet the 'doing business' standard of the N.Y. BCL. . . . Courts finding that a foreign corporation is doing business in New York have grounded their decisions in facts such as that the corporation conducted the entirety of its operations from a New York location or that the corporation's business activity involved regular and systematic activity that was not incidental to interstate commerce, but rather central to intrastate commerce. . . .

*Cosy Goose Hellas v. Cosy Goose USA, Ltd*., No. 06CIV4363, 2007 WL 9817859, *4 (S.D.N.Y. Mar. 2, 2007) (citations omitted).

Plaintiff states that it "has participated in only four construction projects in New York in the past 10 years, several of which were limited in length and scope." Dkt. No. 29 at 1, 3. Plaintiff claims that the work performed on these projects was small and, while the duration of the projects varied, the shortest lasted for only four days. *Id*. at 3. Plaintiff's presence in New York was the longest for the Central Valley Project, which lasted about three and a half months. *See id*. For the Central Valley Project, Plaintiff furnished and installed lightweight limestone-clad wall panels. *Id*. However, the panels were fabricated outside of New York and then shipped to the Central Valley Project site in New York for installation. *Id*. Finally, while Plaintiff was contracted to work on the North Rose Wolcott project in New York in 2018, Plaintiff's portion of the work was deleted during the design phase and it did not perform any work in New York. *Id*.

Defendants do not assert that Plaintiff's presence in New York was permanent, continuous, and regular. Rather, Defendants' examples show that Plaintiff's business dealings in New York were only temporary. For example, rather than maintaining an office in New York and employing individuals who would be there permanently, Plaintiff's employees were from Ohio

and would travel to New York.  Dkt. No. 27-1 at 7.  Additionally, in the last ten years, Plaintiff only spent approximately six months total actually in New York.  *See* Dkt. No. 29 at 3.

Apparently recognizing that such limited contacts do not meet the high standard of the Section 1312, Defendants assert that the statute is "applied differently for construction work performed in New York by a foreign corporation."  Dkt. No. 27-1 at 4.  Defendants primarily rely on three cases to support this assertion.  *Id*. at 4-6 (citing *Berkshire Eng'g Corp. v. Scott-Paine*, 29 Misc. 2d 1010 (N.Y. Co. Ct. 1961); *Italian Mosaic & Marble Co. v. City of Niagara Falls*, 131 Misc. 281 (N.Y. Sup. Ct. 1928); *W. Gas Const. Co. v. Commonwealth*, 147 Va. 235 (1927)).  Defendants' reliance is misplaced.

Foremost, not only are *Italian Mosaic & Marble Co.* and *W. Gas Const. Co.* almost one hundred years old, they do not discuss Section 1312 of the Business Corporation Law.  *See Italian Mosaic & Marble Co.*, 131 Misc. at 287-88; *W. Gas Const.*, 147 Va. at 235.  While *Italian Mosaic & Marble Co.* does discuss the application of N.Y. General Corporation Law § 15, which was a predecessor to Business Corporation Law § 1312, *W. Gas Const. Co*. discusses the application of Section 3847 of the 1919 Code of Virginia.  These cases simply have little probative value on the issue in this case.

In *Italian Mosaic & Marble Co.*, the plaintiff was a Pennsylvania corporation that had furnished material and performed work on a school building in New York, without having obtained the certificate of authority required by N.Y. General Corporation Law § 15, a predecessor to Business Corporation Law § 1312.  *See Italian Mosaic & Marble Co.*, 131 Misc. at 287-88.  Moreover, the court noted that the plaintiff claimed that "its principal place of business

9

within the State of New York" was an office located in New York City. *See id.* at 288. Since the plaintiff had admitted that the work was done in New York and that it had a permanent, physical office in New York City, the court found that the plaintiff was transacting business in New York within the meaning of Section 15 of the General Corporation Law. *See id.* at 288-89.

Here, however, Plaintiff does not maintain a physical office in the state and does not regularly conduct business in New York. As such, Defendants' reliance on *Italian Mosaic & Marble Co.* is misplaced.

Finally, in *Berkshire Eng'g*., the court did not apply any construction exception. Rather, the court stated,

> A series of extensive and persistent transactions involving various phases of construction work with men and machines in this State over varying periods of time signify an intent to establish a permanent business situs in this State. Clearly, under such circumstances, if plaintiff can be immune from the dictates of the statute, then the statute becomes meaningless.

*Berkshire Eng'g Corp.*, 29 Misc. 2d at 1014–15. The court further listed extensive contacts that the plaintiff had with New York as justification for finding that the plaintiff was doing business in New York. *Id*. at 1014. In addition to continuous business operation in New York for almost three years, the plaintiff engaged in significant advertising of its services in New York and actively solicited local business in New York. *Id*. This is significantly different than Plaintiff's contacts in the present action.

At most, Defendants provide evidence of isolated incidences in which Plaintiff's business activities were conducted in New York. There is no evidence that following these construction

projects that Plaintiff will continue to operate in New York or has done so at all in the last three years. As Plaintiff's intrastate activity was not permanent, continuous, and regular, it was not required to comply with Section 1312(a) to maintain this action. *See Cobblestone Private Travel Morocco v. Cobblestone Private Travel, Inc.*, No. 18-cv-5246, 2019 WL 3716201, *3 (E.D.N.Y. May 3, 2019) (holding that the plaintiff was not required to comply with Section 1312 where the plaintiff entered into a contract in New York to solicit travelers from the United States for trips to Morocco, where the parties worked together on certain tasks in furtherance of their partnership, but where the partnership deteriorated prior to the filing of the complaint, and the plaintiff had no address or office in New York and no New York telephone number or bank account); *Lok Prakashan, Ltd. v. India Abroad Publications, Inc.*, 94 Fed. Appx. 856, 858 (2d Cir. 2004) ("[Plaintiff] maintains no office in New York, owns no real property in the state, and has no employees here. While it is true that [plaintiff's] newspaper is printed in New York, and that it has subscribers, distributers and advertisers in New York, those contacts are at least arguably incidental to its business in interstate and international commerce") (internal quotation marks omitted); *Mindy Weiss*, 285 F. Supp. 3d at 265 (holding that the plaintiff party planning company, which organized one event in New York in 2017 (when the action was commenced) and six events in 2016, insufficient to find that the plaintiff was doing business in New York for purposes of Section 1312). Defendants' motion to dismiss is therefore denied.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants' Motion to Dismiss (Dkt. No. 27) is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 9, 2021
       Albany, New York

Mae A. D'Agostino
U.S. District Judge